Peter P. Brotzen - #53230 (Counsel for Service)
Gregory L. Anderson - #129931
Chantalle N. Zakarian - #276921
DWYER, DALY, BROTZEN & BRUNO, LLP
550 South Hope Street, Suite 1900
Los Angeles, California 90071-2632
Tel. (213)627-9300
Fax (213)624-1638

Attorneys for Plaintiff
ALLIANZ SIGORTA A.S.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANZ SIGORTA, A.S., | Case No. 2:15 - cv - 01665-MCE-AC |
| Plaintiff(s), | PLAINTIFF'S RESPONSE TO DEFENDANTS' PROPOSED CHANGES TO LETTER ROGATORY |
| vs. | |
| AMERITECH INDUSTRIES, INC., and EAGLE ENGINES | Date: March 16, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 26<br>Magistrate Judge: Allison Claire |
| Defendant(s). | |

TO THE HONORABLE MAGISTRATE JUDGE ALLISON CLAIRE:

Plaintiff ALLIANZ SIGORTA, A.S. submits the following response regarding the additional language proposed by Defendants for the Letter Rogatory to the Supreme Court of Newfoundland and Labrador:

1. The Cessna and engine are the property of Korfez, not ALLIANZ, not Air Labrador and not EAGLE ENGINES. ALLIANZ cannot agree to a procedure which would alter the aircraft in any way and therefore seeks an inspection which is visual only.

2. Canadian law has no procedure to require non-parties to produce things in their possession for discovery purposes. By including Defendants' request that the item

DWYER, DALY, BROTZEN & BRUNO, LLP
550 SOUTH HOPE STREET, SUITE 1900
LOS ANGELES, CALIFORNIA 90071-2632

to be produced by the non party would be disassembled increases the likelihood that the Supreme Court of Newfoundland and Labrador would decline to issue the subpoena.

    3.    The language proposed by Defendants for "disassembly of portions of the destroyed engine" is insufficiently vague as to what would be "disassembled" and what would not. The usual practice for an aircraft inspection including disassembly requires the parties to create and negotiate a detailed protocol in advance, with the assistance and consultation of their experts so that everyone can decide if the a given disassembly or test will be destructive of evidence and if so whether/how to proceed to so as to preserve evidence. The vague language proposed by Defendants would necessitate 'on the fly' decision making and does not protect Korfez's property from alteration and/or the potential loss of evidence that might occur during "disassembly of portions of the destroyed engine."

Plaintiff therefore requests that the Court decline Defendants' request for changes to the proposed Letter Rogatory.

Dated: March 17, 2016    DWYER, DALY, BROTZEN & BRUNO, LLP

By:    */s/ Peter P. Brotzen*
       Peter P. Brotzen
       Gregory L. Anderson
       Attorneys for Plaintiff, ALLIANZ SIGORTA A.S.

-2-
PLAINTIFF'S RESPONSE TO DEFENDANTS'
PROPOSED CHANGES TO LETTER ROGATORY