UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANZ SIGORTA, A.S., <br><br> Plaintiff, <br><br> v. <br><br> AMERITECH INDUSTRIES, INC., et al., <br><br> Defendants. | No. 2:15-cv-1665 MCE AC <br><br><br> ORDER RE LETTER ROGATORY |

Plaintiff, Allianz Sigorta, A.S., has filed a motion requesting this court to issue a letter rogatory to the Supreme Court of Newfoundland and Labrador. ECF No. 13. The matter was referred to the undersigned by E.D. Cal. R. 302(c)(1). Plaintiff and defendants were represented by counsel at the March 16, 2016 hearing on this matter. For the reasons stated below, the court will issue the requested letter rogatory.

## I. BACKGROUND

Plaintiff is an insurance company organized under Turkish law and based in Istanbul, Turkey. Complaint (ECF No. 1) ¶ 1. Defendant Ameritech Industries, Inc., of which defendant Eagle Engines is a subsidiary (collectively, "Ameritech"), is a Redding, California company that inspects, services, maintains, repairs, overhauls and certifies aircraft engines. Complaint ¶ 4.

On February 18, 2014, Ameritech serviced the engine on a Cessna T206H plane that was then sold, on July 17, 2014, to non-party Korfez Hartalcilik Planlama Ltd STI ("Korfez"). Id. ¶¶ 7-11. Korfez is plaintiff's insured. Id. ¶¶ 11, 12. Plaintiff insured the plane on August 27,

1    2014.  Id. ¶ 12.  On August 30, 2014, while the plane was being flown from the U.S. to Turkey,
2    the engine failed and the plane was ditched near the East Coast of Canada.  Id. ¶ 13; Declaration
3    of Gregory L. Anderson ("Anderson Decl.") (ECF No. 13-2) ¶ 3.   According to the complaint,
4    the engine failed because of its negligent servicing by defendant Ameritech, and Ameritech's
5    false representation that the engine was airworthy.  Complaint, Claims 1 & 2.  The damaged
6    Cessna, with its allegedly defective engine, are now housed at an Air Labrador facility at Goose
7    Bay, Newfoundland, Canada.  Complaint ¶ 15; Anderson Decl. ¶ 4.

8         Plaintiff Allianz (the insurer) paid $275,000 to Korfez (the owner of the Cessna), which
9    Allianz estimated to be the cost to repair the Cessna.  Complaint ¶ 16; Anderson Decl. ¶ 5.
10   Allianz (as Korfez's subrogee), filed this lawsuit against Ameritech to recover those costs.
11   Complaint ¶¶ 33-37.

12        It appears that Korfez has not repaired the Cessna, apparently believing that Allianz
13   should have declared the plane to be a total loss, and should have paid it $430,000.   Anderson
14   Decl. ¶¶ 6-8.  Allianz asserts that it has ethical constraints prohibiting it from contacting Korfez to
15   request inspection of the plane, since Korfez indicated it has "applied to justice" regarding the
16   payment.  Motion at 4; Anderson Decl. ¶ 8.

17        As a result of all this, Air Labrador has possession of the aircraft and engine, but it does
18   not have title, nor does it have permission from the owner (Korfez) to allow Allianz to conduct an
19   inspection.[1]  Thus, Air Labrador – which, according to Allianz, has no objection to an inspection
20   – needs a court to order inspection of the Cessna and its engine.  Allianz says this court cannot
21   compel the inspection directly, because the owner, Korfez, is a non-party located in Turkey, and
22   Air Labrador is a non-party located in Canada.

23                         II.  LETTERS ROGATORY

24      A.  General Authority

25        "This Court, like all courts of the United States, has inherent power to issue Letters

26

---

27   [1] Defendants point out that Allianz has never explained how it can be the subrogee of Korfez but not have Korfez's right to inspect its own airplane and engine.  That issue is not before
28   the undersigned.

Rogatory." United States v. Staples, 256 F.2d 290, 292 (9th Cir. 1958); see 28 U.S.C.A. § 1781(b)(2) ("[t]his section" – which authorizes the State Department to receive letters rogatory from U.S. tribunals and to transmit them to foreign tribunals – "does not preclude . . . the transmittal of a letter rogatory or request *directly* from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner") (emphasis added).

### B. Treaties

This motion would be relatively straightforward if there were a treaty between Canada and the United States calling for Letters Rogatory to be exchanged between tribunals of the two countries. There is such a treaty to which the United States is a signatory, namely, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa, 482 U.S. 522, 524 (1987) ("The United States, the Republic of France, and 15 other Nations have acceded to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters"). However, Canada is not a party to this Convention. Id. at 524 n.1 (listing parties to the Convention).[2]

### C. Canada Evidence Act

Plaintiff accordingly asks this court to issue the letter rogatory under the "Canada Evidence Act," which, it says, "specifically provides that a court outside of Canada may seek the assistance of Canadian courts by serving letters rogatory upon the appropriate Canadian court." ECF No. 13-1 at 6, citing "R.S.C. 1985, c. C-5 §§ 46, 51" (available at https:www.canlii.org/en/ca/laws/stat/rsc-1985-c-c-5/latest/rsc-1985-c-c-5.html) (last visited by the court on March 22, 2016).

///

The cited Canadian statute provides that a Canadian court may, upon application by "a

---

[2] Accord, http://travel.state.gov/content/travel/en/legal-considerations/judicial/country/canada.html (United States Department of State assertion that Canada is not a party to the Hague Evidence Convention) (last visited by the court on March 22, 2016).

3

1  court . . . outside Canada," order a deposition, and command "the production of any writings or
2  documents relating to the matter." Canada Evidence Act, RSC 1985, c C-5, Part II, § 46(1). The
3  Canadian court may accept "letters rogatory from a court . . . outside Canada in which the civil
4  . . . matter is pending" as evidence in support of the application. Id., § 51(2).

5  The Canadian statute does not contain the language of the Federal Rules applicable in the
6  United States, that provide for the inspection of "any designated tangible things," the entry onto
7  land or property to inspect "any designated object or operation on it," or "the inspection of
8  premises." See Fed. R. Civ. P. 34(a)(1)(B), (a)(2), 45(a)(1)(A)(iii). At the hearing on this matter,
9  counsel for plaintiff assured the court that Canadian counsel advised him that under the applicable
10 Canadian law, a Canadian court can order these things from a non-party if so requested by a letter
11 rogatory from this court.

12 D.  Notice

13 Plaintiff Allianz wants to inspect a plane that is in the possession of Air Labrador and
14 which is the property of Korfez. The ultimate judicial action Allianz requests is an order from the
15 Canadian court to "compel . . . Air Labrador to produce for inspection and photo documentation
16 . . . a Cessna 206 aircraft [and] the engine installed therein." ECF No. 13-7 at 3. Allianz
17 represents to the court that "Air Labrador has no objection to the visual inspection pursuant to a
18 valid order or subpoena." ECF No. 13 at 2; Anderson Decl. ¶ 10. It also represents that it "does
19 not anticipate any objection to the proposed visual inspection by Korfez." ECF No. 14 at 2.

20 However, there is no indication that Air Labrador or Korfez has been served with this
21 motion. At the hearing on this matter, counsel for Allianz asserted that no notice to Air Labrador
22 or Korfez was required prior to issuance of the letter rogatory, because Allianz will ask the
23 Canadian court only for an inspection of the Cessna and the engine, and will not disturb the
24 property in any way. Counsel for defendants offered no view on this matter, except to assert that
25 a mere inspection will not be helpful to defendants, since defendants want the opportunity to
26 ///
27 ///
28

4

1 disassemble the engine as part of their inspection.[3] The court notes that in a case where the item
2 to be inspected was in the United States, plaintiff could obtain a court-issued subpoena for
3 inspection without notice to the non- party. Fed. R. Civ. P. ("Rule") 45(a)(3) ("[t]he clerk must
4 issue a subpoena . . . to a party who requests it"). The non-party would then have an opportunity
5 to challenge the subpoena in court, once it was served. Rule 45(d)(2)(B) ("Objections").
6 Accordingly, the court will not require notice to non-parties prior to approving the requested letter
7 rogatory. Whether the approved Letter Rogatory needs to be served upon non-parties, or whether
8 they are otherwise entitled to notice, is a matter of which this court respectfully defers
9 consideration to the appropriate Canadian court.

     E. Proposed Letter Rogatory

Allianz has submitted a proposed Letter Rogatory. Although plaintiff recognizes that the Hague Convention does not apply here, it has included the information that would be included by that Convention. See notes following 28 U.S.C.A. § 1781. The court will approve the requested Letter Rogatory, as edited by this court.

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Issuance of Letter Rogatory (ECF No. 13), is GRANTED, and the approved Letter Rogatory is attached to this order;

2. Plaintiff may present the Letter Rogatory with all its attachments, to the Supreme Court of Newfoundland and Labrador, so long as this order is attached thereto.

DATED: March 22, 2016.

                                                  */s/ Allison Claire*
                                                ALLISON CLAIRE
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Of course, plaintiff is not required to structure its discovery requests to benefit defendants.