1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALLIANZ SIGORTA, A.S.,                    No.  2:15-cv-1665 MCE AC

12              Plaintiff,

13        v.                                   ORDER

14   AMERITECH INDUSTRIES, INC., et al.,

15              Defendants.

16

17        Plaintiff, Allianz Sigorta, A.S., has filed a Motion To Compel Further Responses to

18   Inspection Demands, and the parties have filed a Joint Statement.  ECF No. 27.  However, the

19   parties have not complied with the undersigned's instructions regarding "meet and confer"

20   efforts, in that they have only exchanged a series of e-mails and letters.  Moreover, those

21   communications appear to be focused more on name-calling than actually attempting to resolve

22   the discovery dispute.  Before asking the court to resolve the dispute, the parties must comply

23   with the court's instructions:

24

25

26        Written correspondence between the parties, including email, is
          insufficient to satisfy the parties' meet and confer obligations under
27        Local Rule 251(b).  Prior to the filing of a Joint Statement, the
          parties must confer *in person or via telephone or video*
28        *conferencing* in an attempt to resolve the dispute.

1

http://www.caed.uscourts.gov/caednew/assets/File/Judge%20Claire%20Standard%20Information (1).pdf (emphasis added).  The court will not hear the discovery dispute until the parties have complied with the court's instructions, have actually met and conferred in person (or via telephone or video conferencing), and have actually attempted to resolve the dispute, rather than simply sending insulting emails and letters to each other.

     For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 27), is DENIED without prejudice to its renewal after the parties have complied with the court's instructions.

DATED: June 2, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2