UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANZ SIGORTA, S.A., | No. 2:15-cv-01665-MCE-AC |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| AMERITECH INDUSTRIES, INC., EAGLE ENGINES, | |
| Defendants. | |

On August 5, 2015, Plaintiff Allianz Sigorta, S.A. filed its Complaint against Defendants Ameritech Industries, Inc., and Eagle Engines (collectively, "Defendant"). Compl., ECF No. 1.[1] Plaintiff, an insurance company, insured the aircraft that is the subject of the present litigation. Defendant Eagle Engines is—or was at the time of the incident—a division or subsidiary of Defendant Ameritech. Eagle Engines performed an overhaul of the aircraft's engine shortly before the aircraft was forced to undertake an emergency landing due to engine failure in flight. Plaintiff's Complaint alleges claims of negligence and negligent misrepresentation stemming from Defendant's alleged failure to adequately overhaul the subject engine.

---

[1] The present action is an action in subrogation. Plaintiff is a Turkish insurance carrier that issued a policy to the Turkish LLC that purchased the subject aircraft from a seller in the United States. The policy provided coverage against loss or damage to the aircraft. The insured retained a pilot to fly the aircraft from the United States to Turkey. On that flight, the aircraft experienced engine failure and the pilot made an emergency landing on the shore off the coast of Canada.

On August 10, 2016, after multiple failed attempts to properly notice its motion, Defendant noticed an amended motion to compel before Magistrate Judge Allison Claire, and filed an amended joint statement regarding the discovery disagreement the next day. ECF Nos. 43 and 44. Judge Claire denied the motion to compel on August 12, 2016, because—among other things—discovery had closed August 8, and the motion was therefore untimely. See Order Denying Motion to Compel, ECF No. 46.

On August 31, 2016, Plaintiff filed its Motion for Leave to Amend the Complaint, seeking to add (1) a claim of negligence per se, (2) a claim for violation of California's Unfair Competition Law ("UCL"), and (3) allegations supporting exemplary damages. See Pl. Mot., ECF No. 50. Thereafter, on September 1, 2016, Defendant filed its Motion for 115-Day Extension of Time, seeking to extend the discovery cutoff in order to obtain a ruling on the previously denied motion to compel before Judge Claire. See Def. Mot., ECF No. 51. Each party opposes the motion of the other, and each party has filed a reply in response to those oppositions. See Pl. Opp, ECF No. 52; Def. Resp., ECF No. 53; Pl. Reply, ECF No. 54; Def. Reply, ECF No. 56. The motions were taken under submission October 3, 2016.

On December 1, 2016, Defendant filed its motion for summary judgement ("MSJ"). Def. MSJ, ECF No. 63. Plaintiff then filed its cross-motion for summary judgment on December 6, 2016, and separately opposed Defendant's MSJ on December 22, 2016. Pl. MSJ, ECF No. 66; Pl. Opp. MSJ, ECF No. 68. Defendant then filed a motion in limine ("MIL") to exclude certain expert opinions cited in Plaintiff's MSJ on December 30, 2016, and separately opposed Plaintiff's cross-MSJ on January 5, 2017. MIL, ECF No. 70; Def. Opp. MSJ, ECF No. 71. Plaintiff opposed Defendant's MIL on January 12, 2017. Pl. Opp. MIL, ECF No. 75. Each party filed its respective replies concerning the MSJs and MIL as well. See ECF Nos. 74, 76, 77. The MSJs and MIL were taken under submission March 20, 2017.[2]

---

[2] Because oral argument would not be of material assistance, the Court ordered these matters submitted on the briefs. E.D. Cal. Local Rule 230(g).

2

For the reasons discussed below, Plaintiff's Motion for Leave to Amend the Complaint is GRANTED; Defendant's Motion for 115-Day Extension of Time regarding the discovery cutoff is GRANTED; Plaintiff's MSJ, Defendant's MSJ, and Defendant's MIL are STRICKEN for failure to comply with the terms, intent, and spirit of the Court's Pretrial Scheduling Order ("PTSO," ECF No. 12). As detailed below, the parties may refile dispositive motions at a later date, pursuant to the directions and timeline outlined below.

## STANDARDS

### A.    Leave to File An Amended Complaint

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[ ]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification," a court may make its determination by noting the prejudice to other parties. Id.

If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard. Id. at 608. Leave to amend should be granted unless amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile. Chudacoff v. Univ. Med. Ctr. of S. Nev.,

3

649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Baisa v. Indymac Fed. Reserve, No. 2:09-CV-01464-WBS-JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 8, 2010).

### B.  Extension of Time

With its motion for extension of time, Defendant seeks an extension of the discovery cutoff, which requires amendment of the PTSO. As with Plaintiff's motion for leave to file an amended complaint, any motion seeking to amend the PTSO must meet the "good cause" standard of Rule 16. Fed. R. Civ. P. 16(b). In explaining this standard, the Ninth Circuit has stated:

> A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (citations omitted).

### C.  Violation of Pretrial Scheduling Order

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' [citation omitted] . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Johnson, 975 F.2d at 610. If a party fails to obey a pretrial scheduling order, the Court may properly strike a party's pleading. Fed. R. Civ. P. 16(f), 37(b)(2)(A).

Additionally, Federal Rule of Civil Procedure 16(f) empowers the Court to sanction violations of a scheduling order. Specifically, the Rule provides that "[i]f a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion or the

///

judge's own initiative, may make such orders with regard thereto as are just." Fed. R. Civ. P. 16(f); see also Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001).

## ANALYSIS

### A.  Plaintiff's Motion for Leave to Amend the Complaint

Through its motion, Plaintiff seeks leave to file a First Amended Complaint ("FAC") adding the following: (1) a claim of negligence per se against Defendant Ameritech based on violations of the Federal Aviation Regulations ("FAR"); (2) a claim for violation of California's UCL; and (3) allegations supporting an award of exemplary damages based on Defendant's reckless disregard for human life demonstrated by its violations of the FAR.  See Pl. Mot.

Plaintiff's proposed FAC alleges that as a Federal Aviation Administration ("FAA") certified repair station, Defendant was required by the FAR to use only FAA authorized parts and FAA approved instructions for engine overhaul.  Moreover, Ameritech was obligated to return the engine to service only upon a determination and certification that all work was done in compliance with both the manufacturer's instructions and the FAR. Plaintiff claims that Defendant used parts that had not been approved for installation in the engine, including the front crankcase oil seal, which was also not installed pursuant to FAA procedures.  Plaintiff further contends that the oil seal dislodged in flight and caused the engine to fail.

Plaintiff provides that it did not discover the essential facts underlying these allegations until two depositions, taken July 7 and August 4, 2016, respectively, and its visual inspection of the subject engine on July 19, 2016.[3]  Plaintiff therefore argues that it has been diligent in seeking the proposed amendment because the motion could not have been brought before it discovered these essential facts.

---

[3] The Court acknowledges that there was some delay in the parties' ability to inspect the engine due to the need for letters rogatory and various disputes between the parties.

Defendant argues that because Plaintiff's original complaint alleges, inter alia, that the engine was negligently overhauled, Plaintiff must have been aware long ago that the seal was not properly installed. Moreover, Defendant argues that Plaintiff had access to any discovery it needed to support these new claims, including by way of its investigation of the engine prior to filing suit. Consequently, Defendant contends that Plaintiff has not established its diligence and thus has not established good cause to now amend the complaint.

Even if Plaintiff's pre-suit inspection could have revealed that the aftermarket seal was not an approved part for the engine in violation of the FAR—a point the Court need not and does not decide—it seems Plaintiff could not have been aware of the faulty installation process until it took depositions in July and August of 2016. Those depositions revealed the process by which the seal was installed, and that testimony likely contributes to Plaintiff's understanding of its potential claim for exemplary damages. This alone justifies the present request to amend. The Court therefore finds Plaintiff acted diligently in seeking to amend its complaint shortly after the depositions and visual inspection, and Rule 16(b)'s good cause standard is met.

Good cause having been found, the Court must evaluate Plaintiff's request to amend the Complaint in light of Rule 15(a)'s more liberal standard. Johnson, 975 F.2d at 608. As indicated above, "[b]ecause Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors [of the Rule 15 standard]," the inquiry at this stage asks "only if such amendment would be futile." Baisa, 2010 WL 2348736, at *1. Defendant argues that Plaintiff's proposed amendment is futile "because it is legally insufficient and no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." Defs. Resp., ECF No. 53, at 6. This argument is not well taken.

At this stage of the proceedings, "[t]he court determines whether the [claim] would be futile upon application of the Rule 12(b)(6) standard, that is, whether there are no set of facts under which the [plaintiff] could recover on his causes of action." Kuschner v.

6

Nationwide Credit, Inc., 256 F.R.D. 684, 689 (E.D. Cal. 2009) (citing Miller v. Rykogg-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)).  While Defendant conclusively provides that there is "no set of facts . . . that would constitute a valid and sufficient claim," the Court finds this statement to be unsupported by the law and by the facts set forth in Plaintiff's moving papers and proposed amended complaint.  Specifically, Defendant argues that Plaintiff cannot state a viable claim under the UCL, which prohibits "any unlawful, unfair or fraudulent business act or practice" (Cal. Bus. & Prof. Code § 17200), because the alleged conduct does not constitute a "business practice" and because Plaintiff does not provide an "analysis of how Defendant's conduct was unlawful, unfair, or fraudulent."  Def. Resp., at 6-7.  Defendant further contends that Plaintiff fails to state with specificity any violation of the FAA in support of its negligence per se claim.  Id. at 8.  The Court is not persuaded by these arguments.  Indeed, the crux of Plaintiff's proposed amendment is its allegation that Defendant—who was in the business of aircraft engine overhaul—negligently or knowingly installed an inappropriate part in the subject aircraft, and did not follow the proper procedure when installing that part, in violation of the FAR.  With that understanding, it cannot be said at this point that Plaintiff can allege no facts to support its claim that such conduct is an illegal, unfair, or fraudulent business practice in violation of the UCL, or that it constitutes negligence per se.

In sum, because it appears Plaintiff may plead a set of facts sufficient to state claims of negligence per se, violation of the UCL, and for exemplary damages, Plaintiff will be afforded the opportunity to amend its complaint.  Plaintiff's Motion is therefore GRANTED, and Plaintiff has ten days from the date of electronic filing of this order to file its FAC.[4]

///

---

[4] Plaintiff also seeks to reopen discovery as it relates to the newly added claims, and Defendant argues that amendment will therefore cause it undue prejudice because discovery has closed and defense of the newly proposed claims will require additional discovery.  As Defendant acknowledges, however, Defendant also seeks to reopen discovery for its own purposes, which motion is addressed below.  Defendant cannot have its cake and eat it too.  As provided below, discovery will be reopened for a limited amount of time, allowing both parties to seek the additional discovery they claim they need to proceed in this matter.

**B.     Defendant's Motion for Extension of Time**

Through its motion filed the day after Plaintiff's motion for leave to file an amended complaint, Defendant seeks to reopen discovery for 115 days, for the purpose of filing a motion to compel a disassembly inspection of the engine. Defendant initially filed that motion to compel on July 1, 2016 (ECF No. 33), and then re-filed and/or re-noticed the motion numerous times, eventually filing an amended motion and noticing the hearing for after the discovery cutoff. See ECF Nos. 34-45. Magistrate Judge Claire correctly denied the motion as untimely on August 12, 2016. ECF No. 46.

As provided above, the Court's scheduling order may only be modified for good cause, which inquiry hinges on the diligence of the party seeking modification. Fed. R. Civ. P. 16(b); Johnson, 975 F.2d at 609. Defendant argues it was diligent in meeting the initial discovery cutoff and that extension of the cutoff is warranted in light of the special circumstances surrounding the timing of its delayed motion to compel. Specifically, Defendant provides that it waited to file a motion to compel in the hopes that a visual inspection would (1) be granted, and (2) provide the information it needed without performing a complete teardown inspection. After apparently waiting some time to file a motion and still not knowing if a visual inspection would be performed, Defendant then filed a motion to compel anyway. Defendant claims that it was only upon receiving Plaintiff's opposition that it learned that a visual inspection had been granted.[5] That inspection, however, was set for a date in close proximity to Defendant's deadline to file a joint statement in connection with its motion to compel. Because this timeline did not give Defendant's expert much time to evaluate the evidence and make a recommendation (presumably regarding the cause of engine failure and/or the need for additional discovery), Defendant pushed its hearing date back two weeks, to a date after the discovery cutoff. Defendant then filed another amended motion, narrowing the scope of the original motion. The final version was filed and noticed for after the discovery cutoff.

---

[5] The Court acknowledges that this point is disputed.

Plaintiff argues that Defendant has long known that Plaintiff could not or would not produce the sought after engine, and therefore could have brought its motion to compel as early as February 2016.

Under the circumstances, the Court finds good cause to grant Defendant's request. Though the Court is not convinced that it was anything but a mistake that Defendant waited too long, filed its final amended motion <u>after</u> the discovery cutoff, and failed to move to amend the PTSO until that motion was denied as untimely, the delay caused by the need to obtain letters rogatory and the apparent miscommunication between counsel regarding the ensuing inspection, justifies a brief extension of the discovery cutoff. Moreover, the Court finds that in the interest of resolving this matter on the merits, Defendant should be provided an opportunity to move to compel production of the engine that lies at the heart of this matter.[6] Defendant's motion for a 115-day extension of the discovery cutoff is therefore GRANTED. Discovery shall be reopened for a period of 115 days from the date of electronic filing of this order, to allow Defendant to file and obtain a ruling on its motion to compel production of the subject engine, to gather that evidence if the motion is granted, and to allow both parties to conduct discovery with respect to the claims added by Plaintiff's FAC, discussed above.[7]

**C.     The Parties' Motions for Summary Judgment, and Defendant's Motion in Limine**

In light of the Court's Order above reopening discovery, the Court finds the parties' motions for summary judgment and motion in limine to be premature, and therefore STRIKES those motions as filed, without prejudice to refiling after the extended close of discovery.

///

---

[6] The Court acknowledges Plaintiff's argument that it does not have possession, custody, or control of the engine and therefore cannot be compelled to produce it. That question should be left to the determination of the Court upon hearing a properly noticed motion to compel.

[7] As provided above, the Court finds that the granting of Defendant's motion causes Plaintiff no prejudice in light of Plaintiff's own motion to reopen discovery.

Moreover, the Court finds that both parties have violated the spirit and intent of the PTSO, and STRIKES all filings (ECF Nos. 63, 64, 66, 67, 68, 70, 71, 73, 74, 75, 76, 77) for this additional reason. Fed. R. Civ. P. 16(f), 37(b)(2)(A) (providing that the Court may properly strike a party's pleading if that party fails to obey a pretrial scheduling order).

As provided in the Court's PTSO, ECF No. 12, motions for summary judgment shall be filed 8 weeks prior to the noticed hearing date; opposition and any cross-motion shall be filed 5 weeks prior to the hearing date; reply and cross-opposition shall be filed 3 weeks prior; and reply to cross-motion shall be filed 1 week prior. ECF No. 12, at 4. As further provided, moving papers shall be no more than 20 pages, exclusive of exhibits; oppositions are also limited to 20 pages; and replies are limited to 10 pages. Id. at 5. Lastly, "[a]bsent leave of the Court, all issues the parties wish to resolve on summary judgment must be raised together in one (1) motion or cross-motion. Should the parties wish to file additional motions for summary judgment, they must seek leave of the Court." Id. This scheduling order therefore contemplates a maximum of six papers filed between the parties, assuming both parties timely move for summary judgment of separate issues, and both parties file subsequent oppositions and replies. Alternatively, it contemplates four total filings in the event that one party moves for summary judgment, the other opposes and cross-moves in a single document, the initial moving party then files a reply and cross-opposition (again, a single filing), and the cross-movant files a final reply to the cross-motion. Each filing is limited to a total of 20 or 10 pages.

Here, Defendant moves for summary judgment on the grounds that it has been severely prejudiced by Plaintiff's failure to produce the subject engine and that, without a complete teardown inspection, Plaintiff cannot scientifically prove causation. Def. MSJ, ECF No. 63. That motion was noticed for January 26, 2017, and was timely filed exactly eight weeks prior. Id. Defendant also separately moves to exclude Plaintiff's experts because, without production and teardown of the engine, their opinions are based on incomplete facts and are thus unreliable. Def. MIL, ECF No. 70. Plaintiff then filed on

1  December 6, 2016, what it has styled as a "Cross-Motion for Partial Summary
2  Judgment." Pl. MSJ, ECF No. 66.  Indeed, if this filing was intended to be a separate
3  MSJ, it was filed 5 days late.  It is a timely cross-motion, but Plaintiff then separately
4  (and still timely) opposed Defendant's MSJ on December 22, 2017.  ECF No. 68.
5  Together, Plaintiff's cross-motion and separate opposition make up 39 pages, in
6  violation of the PTSO.  Similarly, Defendant separately filed an opposition to Plaintiff's
7  cross-motion and a reply, both on the deadline of January 5, 2017, for a total of 22
8  pages.  These filings also violate the page limits set forth in the PTSO.

9  Turning to Defendant's motion in limine, especially in light of the numerous filings
10 discussed above, the Court is loath to consider that motion as separate and distinct from
11 Defendant's motion for summary.  It appears the two motions are premised on the same
12 grounds and that Defendant—like Plaintiff—simply required additional pages in order to
13 drive its point home.

14 For these reasons, the parties' motions for summary judgment and Defendant's
15 motion in limine are hereby STRICKEN.  The parties may refile dispositive motions in
16 accordance with Local Rules and the PTSO at a later date, but are ordered to first confer
17 and provide the Court with a stipulation and proposed order regarding new dispositive
18 motions dates not later than twenty (20) days after receiving a ruling on Defendant's
19 motion to compel.  If a stipulation cannot be reached, a motion to amend the PTSO must
20 be filed, setting forth proposed dates and deadlines.

## CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 50, is GRANTED.  Plaintiff may file its FAC not later than ten (10) days from the date of electronic filing of this Order.

///

2. Defendant's Motion for 115-Day Extension of Time with regard to the discovery cutoff, ECF No. 51, is GRANTED.

3. Discovery shall be reopened for 115 days from the date of electronic filing of this order for the limited purposes of (a) obtaining a ruling on Defendant's motion to compel production of the subject engine, and to obtain any discovery ordered by such a ruling; and (b) allowing discovery into Plaintiff's newly added claims in the FAC.

4. Plaintiff's MSJ, ECF No. 66, and Defendant's MSJ and MIL, ECF Nos. 63 and 70, and all related filings, are STRICKEN without prejudice.

5. The parties are directed to confer and to provide the Court with a stipulation and proposed order (or, alternatively, a motion to amend the PTSO) regarding a new deadline for filing dispositive motions not later than twenty (20) days after receiving a ruling on Defendant's motion to compel.

6. All outstanding trial and pretrial dates and deadlines are hereby VACATED.

IT IS SO ORDERED.

Dated: July 25, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE