UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANZ SIGORTA, S.A., | No. 2:15-cv-01665-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| AMERITECH INDUSTRIES, INC. and EAGLE ENGINES, | |
| Defendants. | |

This matter is before the court on Ameritech Industries, Inc. and Eagle Engines' (collectively, "defendant" or "Ameritech") motion to compel. ECF No. 84. This discovery motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1), and came on for hearing on October 11, 2017. Gregory L. Anderson appeared on behalf of plaintiff and Bryan Rose appeared on behalf of defendant. For the reasons stated below, defendant's motion is DENIED.

**I.      Relevant Background**

Plaintiff is an insurance company organized under Turkish law and based in Istanbul, Turkey. Complaint (ECF No. 1) ¶ 1. Defendant Ameritech Industries, Inc., of which defendant Eagle Engines is a subsidiary, is a Redding, California company that inspects, services, maintains, repairs, overhauls and certifies aircraft engines. Complaint ¶ 4.

1

On February 18, 2014, Ameritech serviced the engine on a Cessna T206H plane that was then sold, on July 17, 2014, to non-party Korfez Hartalcilik Planlama Ltd STI ("Korfez"). Id. ¶¶ 7-11. Korfez is plaintiff's insured. Id. ¶¶ 11, 12. Plaintiff insured the plane on August 27, 2014. Id. ¶ 12. On August 30, 2014, while the plane was being flown from the U.S. to Turkey, the engine failed and the plane made an emergency landing near the East Coast of Canada. Id. ¶ 13; Declaration of Gregory L. Anderson ("Anderson Decl.") (ECF No. 13-2) ¶ 3. According to the complaint, the engine failed because of its negligent servicing by defendant Ameritech, and Ameritech's false representation that the engine was airworthy. Complaint, Claims 1 & 2. The damaged Cessna, with its allegedly defective engine, are now housed at an Air Labrador facility at Goose Bay, Newfoundland, Canada. Complaint ¶ 15; Anderson Decl. ¶ 4.

Plaintiff Allianz (the insurer) initially paid $275,000 to Korfez (the owner of the Cessna), which Allianz estimated to be the cost to repair the Cessna. Complaint ¶ 16; Anderson Decl. ¶ 5. Allianz (as Korfez's subrogee), filed this lawsuit against Ameritech to recover those costs. Complaint ¶¶ 33-37. A dispute arose between Allianz and Korfez in which Korfez contended that the Cessna could not be repaired and that Allianz should therefore have paid the insured value of the aircraft. Decl. of Asli Lograsso ¶¶ 7-9. The dispute between Allianz and Korfez was submitted to a Panel of the Insurance Arbitration Commission for decision, and the final arbitration decision required Allianz to pay Korfez an additional $135,166.50 (USD) along with certain costs, fees and interest. Id. Allianz paid Korfez the total additional amount of approximately $177,679.30 as required by the arbitration. Id.

Throughout this time and to present, Air Labrador retained possession of the aircraft and engine, but it does not have title; Korfez retains the title. On February 11, 2016, plaintiff Allianz filed a motion contending that Air Labrador – which, according to Allianz, had no objection to an inspection – needed a court to order inspection of the Cessna and its engine. ECF No. 13. Allianz argued that this court could not compel the inspection directly, because the owner, Korfez, is a non-party located in Turkey, and Air Labrador is a non-party located in Canada. Id. Ameritech argued in its opposition that a visual inspection of the engine would be useless, and it needed to disassemble the engine in order to defend itself. ECF No. 17 at 14. The court granted

the request for letters rogatory and, noting that plaintiff is not required to draft its discovery requests to the specifications of defendant, did not touch upon the issue of disassembly. ECF No. 22 at 4-5, n.3. On July 19, 2016, defendant was able to visually inspect the aircraft, the exterior of the engine, and the log books through plaintiff's request for letters rogatory. ECF No. 88 at 2.

## II. Motion

Defendant asks the court to compel the following: (1) production of the engine for disassembly, inspection of its component parts, and component testing as necessary, and (2) access to the aircraft's JPI or "engine monitoring" data. ECF No. 88 at 2. The request for production that defendant relies on is defendant's RFP No. 22, which states in full: "Produce for inspection the Subject Engine in its entirety, including any parts or pieces that have been removed or detached from said Engine." Id. at 3. In response to this RFP, plaintiff responded that the engine and its parts and pieces are not in the possession, custody, or control of the plaintiff. Id. at 3-4. The parties met and conferred before bringing this dispute before the court. Id. at 3.

## III. Analysis

A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal Rules 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992). In response to a request for production of documents or tangible things under Rule 34, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 554– 56 (N.D. Cal. 1987), and, based on that inquiry, "[a] party responding to a Rule 34 production request...'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.'" Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted).

B. The Court Cannot Compel Production That Was Not Requested

Plaintiff argues, and the court agrees, that defendant seeks to compel discovery that was not requested by RFP 22. Rule 34(b) requires a party requesting the production of items to describe the items to be produced with "reasonable particularity." Fed. R. Civ. P. 34(b)(1–2). "The test for reasonable particularity is whether the request places a party upon reasonable notice of what is called for and what is not." Reinsdorf v. Skechers U.S.A., Inc., 296 F.R.D. 604, 616 (C.D. Cal. 2013) (quoting Bruggeman ex rel. Bruggeman v. Blagojevich, 219 F.R.D. 430, 436 (N.D.Ill.2004).

First, defendant's RFP 22 asks plaintiff to "produce for inspection" the subject engine, and does not mention aircraft engine monitoring data. Second, the request is limited to "inspection" of the engine, and does not specify that disassembly and potentially testing are intended. Black's Law Dictionary defines "inspection" as a "careful examination of something, such as goods (to determine their fitness for purchase) or items produced in response to a discovery request (to determine their relevance to a lawsuit)." INSPECTION, Black's Law Dictionary (10th ed. 2014). In contrast, Miriam Webster's Dictionary defines "disassemble" as "to take apart." Disassemble Definition, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/disassemble (last visited Oct. 11, 2017). A distinction between "inspection" and "testing" is drawn by Rule 34 itself, which states a requesting party may ask a producing party to "produce and permit the requesting party or its representative to *inspect, copy, test, or sample* the following items in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1) (emphasis added). The use of the word "or," and the separate listing of "test" and "inspect," indicates that these are distinct concepts with particular meanings. Rule 34 also requires a requesting party to specify the "manner for the inspection and for performing the related acts" as part of the RFP. Fed. R. Civ. P. 34(1)(B). Disassembly and possible testing of component parts are inspection-related acts which must be identified, and the manner of which must be disclosed, in the request.

Defendant's RFP 22 cannot be read to reasonably put plaintiff on notice that defendant sought disassembly or testing of the engine; the RFP calls only for inspection. The inspection requested is of "the Subject Engine" as a whole, without reference to its component parts. The

only reference to discrete engine parts is to those that have already been removed. Even if plaintiff had independent reason to know that defendant wished to disassemble the engine, and no matter how reasonable such a request may be, it is simply not a request that was made in RFP 22. Further, the RFP is entirely silent on the subject of engine monitoring data. Because defendant's RFP does not specifically seek type or manner of production defendant now seeks to compel, defendant's motion must be denied. The court cannot compel discovery that is beyond the scope of the request for production. The issue of legal control, which both parties spend much time arguing in their briefs, need not be reached.

## IV. Conclusion

For the reasons set forth above, defendant's motion to compel (ECF No. 84) is DENIED.

IT IS SO ORDERED.

DATED: October 13, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE